IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| CHARLES BROWN, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 02-cv-2376 |
| JOE P. YOUNG, | ) ) ) | |
| Respondent. | ) ) | |

**ORDER DENYING MISCELLANEOUS RELIEF**

Before the Court is Petitioner Dymond Charles Brown, Sr.'s March 1, 2022 pro se Motion, which is styled a "Motion for Exception to Exhaustion Requirement under the Prison Litigation Reform Act and Request to Order the Respondent to Act in Conformity with the First Step Act under § 2241." (ECF No. 15.) Petitioner initiated this case on December 5, 2001, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the U.S. District Court for the District of Columbia. (ECF No. 11 at 1.) Because Petitioner was incarcerated in the Western District of Tennessee, the case was transferred to this Court. (Id.) Pursuant to Petitioner's motion, the Court dismissed the case on October 17, 2002, because Petitioner had been transferred to the Eastern District of Virginia. (ECF Nos. 12, 13.) Although Petitioner evidently completed the original sentence from which

he sought relief in 2001, he was sentenced to prison in 2006 by the Eastern District of Oklahoma for possession of cocaine with intent to distribute. (See Dkt. No. 6:06cr69, E.D. Okla.) After serving that term of imprisonment, Petitioner violated the conditions of his supervised release and was again incarcerated. (ECF No. 15 at 3.) Petitioner filed the instant Motion -- the first filing made in this case in nearly twenty years -- while at the Federal Correctional Institution in Memphis, Tennessee, pursuant to the revocation of his supervised release. (Id.)

In essence, the Motion seeks relief from the government's alleged failure to provide Petitioner access to drug treatment programs that would entitle him to a reduced sentence. According to the Motion, Petitioner completed the residential portion of a Residential Drug Abuse Program (RDAP) while serving the 2006 sentence imposed in the Eastern District of Oklahoma. (Id. at 2.) Because of a successful appeal, Petitioner's sentence was significantly reduced, and he was released before completing the residential reentry center (RRC) phase of RDAP. (Id. at 2-4.) Now that Petitioner has been reincarcerated pursuant to the revocation of his supervised release, he "requests RRC placement to finish RDAP" so that he can earn credit toward his release. Id. at 4; see also 18 U.S.C. § 3632(d)(4) (granting credit toward sentence for participation in qualifying recidivism reduction programs).

Petitioner was released from his term of revocation on October 17, 2022. Bureau of Prisons, Inmate Locator Utility, "Dymond Brown," www.bop.gov/inmateloc (last accessed Nov. 21, 2022). The Court therefore cannot order Petitioner's placement in a Bureau of Prisons program. Although Petitioner invokes the Court's habeas jurisdiction under 28 U.S.C. § 2241, the Sixth Circuit has ruled that § 2241 habeas petitions must "be filed in the court having jurisdiction over the prisoner's custodian." Terrell v. United States, 564 F.3d 442, 447 (6th Cir. 2009) (quoting Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam)). Because Petitioner is no longer imprisoned or held to a term of supervised release in the Western District of Tennessee, Petitioner's filing is not properly addressed to this Court.[1] In any event, the Court is unable to grant the requested relief. Petitioner's Motion, ECF No. 15, is therefore DENIED.

SO ORDERED this 21st day of November, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Even if Petitioner's Motion were construed as a motion under 28 U.S.C. § 2255 or a motion for early termination of supervised release, the Motion would be denied, because such filings must be addressed to the sentencing court. Terrell, 564 F.3d at 447; United States v. Depew, No. 97-1181, 1997 U.S. App. LEXIS 32149, at *3 (10th Cir. Nov. 17, 1997) (unpublished). Petitioner was most recently sentenced in the Eastern District of Oklahoma. (See Dkt. No. 6:06cr69, E.D. Okla.)